# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL DOCKET NO.: 4:94CR44

| | | |
|---|---|---|
| **WAYNE HORACE JOHNSON (5),** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

      **THIS MATTER** is before the Court on "Petitioner's Request for Joinder of Petitioner's Co-Defendant Pending <u>Blakely</u> and <u>Booker/Fanfan</u> Like Claims Pursuant to Federal Rules of Procedure Rule 8(b), and Other Stated Factors Set-Forth," filed April 13, 2005.

      On May 3, 1994, Petitioner Wayne Horace Johnson ("Petitioner") was indicted for conspiracy to possess with intent to distribute more than 500 grams of powder cocaine and more than 50 grams of cocaine base, in violation of Title 21 United States Code Sections 841 and 846. On January 13, 1995, a jury returned a verdict of guilty against Petitioner. This Court, on March 26, 1996, sentenced Petitioner to 235 months imprisonment. Subsequently, on April 1, 1996, Petitioner filed Notice of Appeal. On February 17, 1999, the Fourth Circuit affirmed the judgment of this Court. Subsequently, on September 18, 2000, Petitioner filed Motion to Vacate pursuant to Section 2255, which this Court dismissed on September 20, 2001. On November 5, 2001, Petitioner appealed the Court's denial of his Section 2255 Motion to the Fourth Circuit. The Fourth Circuit dismissed Petitioner's appeal on March 4, 2002, and judgment was entered on April 25, 2002.

Petitioner now seeks to be joined to his co-defendant, Everett Dione McGrady (4), for purposes of Mr. McGrady's motion pursuant to Blakely and Booker. Mr. McGrady filed a Supplemental Motion to Reduce Sentence pursuant to Blakely and Booker on July 9, 2004. This Court dismissed Mr. McGrady's Motion to Reduce in an Order dated August 16, 2004. Mr. McGrady filed a "Notice of Mandamus" on January 28, 2005.

To the extent that Petitioner here seeks to join with Mr. McGrady's Motion to Reduce Sentence, which was filed on July 9, 2004, the Court has already ruled on that Motion and, thus, Petitioner's Motion for Joinder is moot.

If, however, Petitioner is seeking to join with Mr. McGrady's "Notice of Mandamus," his motion is denied. Rule 8 of the Federal Rules of Criminal Procedure "contemplates the joinder of offenses and defendants in cases where the defendants are charged in a single common scheme or plan." *United States v. Smith*, 44 F.3d 1259, 1266 (4th Cir. 1995). Specifically, the government may join defendants if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. . . . All defendants need not be changed in each count." Fed. R. Crim P. 8(b). Notably, joinder is used to join offenses and/or defendants for the *prosecution* of claims, not for joinder of post-trial motions, as Petitioner seeks to do here.

If Petitioner desires to file a similar motion as filed by Mr. McGrady, he may do so on his own behalf. Petitioner is advised, however, that since he previously filed a Section 2255 Motion, which this Court dismissed, filing a motion pursuant to Booker and Blakely may be construed as a successive Section 2255 Motion. A defendant may not file a second or successive motion under § 2255 unless a panel of the appropriate court of appeals has certified that the new motion

will contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review.  28 U.S.C. §§ 2244, 2255; *see also* Rules Governing § 2255 Proceedings, Rule 4(b), 9(b).

**IT IS, THEREFORE, ORDERED** that "Petitioner's Request for Joinder of Petitioner's Co-Defendant Pending <u>Blakely</u> and <u>Booker/Fanfan</u> Like Claims Pursuant to Federal Rules of Procedure Rule 8(b), and Other Stated Factors Set-Forth" is hereby **DENIED**.

**Signed: August 30, 2005**

Richard L. Voorhees
United States District Judge